39 N.J. Super. 111 (1956)
120 A.2d 496
ADAMS NEWARK THEATRE CO., A CORPORATION, PLAINTIFF.
v.
CITY OF NEWARK, ET AL., DEFENDANTS. I. HIRST ENTERPRISES, INC., A CORPORATION, PLAINTIFF,
v.
CITY OF NEWARK, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 7, 1956.
*113 Mr. Robert L. Hood, attorney for plaintiff Adams Newark Theatre Co.
Mr. Henry H. Rubenson, attorney for plaintiff I. Hirst Enterprises, Inc.
*114 Mr. Vincent P. Torppey, attorney for defendants (Mr. Jacob M. Goldberg, appearing).
COLIE, J.S.C.
The City of Newark on December 16, 1955, adopted an amendment to section 8.195, article XIV, chapter 8 of the Revised Ordinances, which provides as follows:
"(a) No show, performance, exhibition or motion picture, exhibited or conducted by reason of any permit or license issued, or to be issued, under this article shall be lewd, obscene or indecent or allowed to be acted or presented in a manner to constitute the same lewd, obscene or indecent, either upon or off the stage or screen or in the place of showing; or allow or permit the conduct of any performer, employee or the audience to commit actions that shall be lewd, obscene or indecent, and the following acts or performances are hereby specifically prohibited, to wit:
The removal by a female performer in the presence of the audience of her clothing, so as to make nude, or give the illusion of nudeness, of the lower abdomen, genital organs, buttocks or breasts;
The exposure by a female performer in the presence of the audience, or the giving of the illusion of nudeness in the presence of the audience, of the lower abdomen, genital organs, buttocks or breasts;
The exposure by a male performer in the presence of the audience of the genital organs or buttocks;
The use by a performer of profane, lewd, lascivious, indecent or disgusting language;
The performance of any dance, episode, or musical entertainment which depicts sexual subjects, acts or objects offensive to public morals and decency;
The performance of any dance, episode or musical entertainment, the purpose or effect of which is to direct the attention of the spectator to the breasts, buttocks or genital organs of the performer."
On the same date the city also adopted an amendment to section 20.7, chapter 20 of the Revised Ordinances, the precise language of which is not set forth for it is substantially as quoted from amended section 8.195 set forth above. The attack on the amended ordinances is that they are in violation of the First Amendment of the Federal Constitution and Article 1, paragraph 6 of the Constitution of this State, which provides:
"Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right."
*115 The rights guaranteed by the First Amendment and by our State Constitution are, beyond dispute, applicable to the commercial exhibition of plays and shows, and the type of exhibition which the plaintiffs herein stage are "shows" in every sense of the word, being so-called burlesque shows. It is beyond argument that the protection does not extend to speech which is outwardly lewd and indecent.
In the determination of the extent to which censorship may be exercised over that which is written and that which is displayed, it is now settled "that sexual life is the theme of the presentation or that the characters portray a seamy side of life and play coarse scenes or use some vulgar language does not constitute the presentation per se lewd and indecent. The question is whether the dominant note of the presentation is erotic allurement `tending to excite lustful and lecherous desire,' dirt for dirt's sake only, smut and inartistic filth, with no evident purpose but `to counsel or invite to vice or voluptuousness.'" With this language from the opinion in Adams Theatre Co. v. Keenan, 12 N.J. 267 (1953) in mind, it is pertinent to examine the language in the amendments under review. They specifically prohibit "the exposure by a female performer in the presence of the audience, or the giving of the illusion of nudeness in the presence of the audience, of the lower abdomen, genital organs, buttocks or breasts; * * * the performance of any dance, episode, or musical entertainment which depicts sexual subjects, acts or objects offensive to public morals and decency; the performance of any dance, episode or musical entertainment, the purpose or effect of which is to direct the attention of the spectator to the breasts, buttocks or genital organs of the performer." Nudity of the lower abodmen, genital organs, buttocks or breasts is prohibited by the terms of the amendments and that prohibition is absolute no matter how incidental the nudity may be, and it utterly disregards the established rule to the effect that the acts specified may be prohibited only when the dominant note of the presentation is erotic allurement, and the same is equally true of the prohibition of any dance, episode or musical entertainment *116 which depicts sexual subjects. For this reason, if for no other, the plaintiffs' motion for summary judgment should be granted.
There is, however, a further fault with the amendments and that is the prohibition against giving the "illusion of nudeness." This language is so nebulous as to furnish no fair criteria to theatrical producers as to what is or what is not the illusion of nudeness.
The amendments under attack constitute a flagrant attempt to pre-judge specific acts as lewd and indecent, regardless of the dominant effect of the entire performance or the episode in which the prohibited act takes place.
Any one of the acts specifically prohibited by the amendments may or may not subject the producer and performers to penalties, depending upon whether or not they are performed in a context whose dominant effect is to excite lustful and lecherous desire. To paraphrase the language in Adams Theatre Co. v. Keenan, supra, the attempt by the defendant municipality is to impose a previous restraint upon the performance of certain acts which are not, per se, lewd or indecent. If they are indecent, and this court is not passing on that phase, the municipality is not without remedy under the existing ordinance which prohibits lewd, obscene and indecent performances.
For the reasons stated, the defendants' motions for judgment in its favor are denied and the plaintiffs' motions to set aside the amendments are granted.